UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-20758-ALTMAN

**ADT LLC**, *et al.*,

    *Plaintiffs*,

v.

**SKYLINE SECURITY MANAGEMENT INC.**, *et al.*,

    *Defendants*.

_____/

## ORDER

The Plaintiffs and certain Defendants (Edwin Arroyave, Mather Haynes, Genaro Nunez Hernandez, and Nico VanSlyke) have filed a Joint Motion to Waive Formal Service and Set Certain Defendant's Time to Respond to Complaint (the "Joint Motion") [ECF No. 17].

Federal district courts have the "inherent authority to manage [their] own docket[s] 'so as to achieve the *orderly* and expeditious disposition of cases." *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (emphasis added) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). This includes "the ability to set deadlines on matters pending before the courts." *Interim Healthcare, Inc. v. Durbin*, 2022 WL 874092, at *2 (S.D. Fla. Mar. 24, 2022) (Bloom, J.) (citing *Smith v. Psych. Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014)). To better manage the orderly progress of the case, then, we hereby **ORDER** as follows:

1. The Joint Motion [ECF No. 17] is **DENIED**. The Plaintiffs shall file proper proof of service (or a returned waiver) by **May 27, 2024**. If the Plaintiffs and any Defendants agree to waive service, these parties must do so in accordance with the procedures outlined in Fed. R. Civ. P. 4(d).

2. The Plaintiff in this case shall file proof of service, or a returned waiver—as to each Defendant—within seven days of perfecting service on, or receiving a returned waiver from, each Defendant.

3. The Defendants shall file their responses and motions jointly.

    a. If there are conflicts of position, the co-Defendants shall file a *motion for leave to file separate responses or motions*, in which they must describe what those conflicts are.

    b. If the co-Defendants need more than twenty pages for their joint responses or motions, they shall file a *motion for leave to file excess pages*, which the Court will consider expeditiously.

4. The co-Defendants may file separate *answers* to the complaint.[1] The time for responsive pleadings—for all Defendants—begins to run once all Defendants have *either* (1) been served *or* (2) waived service. If the Defendants face response periods of different lengths—say, because one Defendant has been personally served whereas another has waived service—all Defendants will be subject to the *longest* of those response periods.

5. Failure to comply with these procedures may result in appropriate sanctions, including the striking of the motion(s) or response(s), and dismissal of this case without further notice.

**DONE AND ORDERED** in the Southern District of Florida on April 4, 2024.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record

---

[1] If the Defendants file a joint response or motion, it must contain *all* bases for dismissal, stay, abstention, or other relief the Defendants intend to raise. Nothing in this Order precludes the Defendants from later raising (non-waivable) jurisdictional defenses.